IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EDWARD M. TYLER, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:13-CV-96 (CDL) |
| MUSCOGEE COUNTY SCHOOL DISTRICT, | * |
| | * |
| Defendant. | |
| | * |

O R D E R

Plaintiff, who is a white male bus driver for the Defendant, was passed over for two promotions which were awarded to a black female and a white female. Plaintiff contends that race and gender were motivating factors in the promotion decisions, and he brings this action against his employer pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 ("§ 1981").[1] Defendant filed a motion for summary judgment (ECF No. 15). Because Plaintiff has failed to produce sufficient evidence from which a reasonable factfinder could conclude that Defendant's stated legitimate non-discriminatory reasons for its

---

[1] Plaintiff also asserted age discrimination claims in his Complaint, but he has abandoned those claims. Pl.'s Resp. to Def.'s Mot. for Summ. J. 27, ECF No. 29.

1

decisions were pretext for unlawful discrimination, Defendant's motion is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Construing the factual record in favor of Plaintiff, the facts for purposes of summary judgment are as follows.

Plaintiff ("Mr. Tyler"), a white male employee of the Defendant ("the School District"), has been a School District bus driver since 1976. He has an impeccable driving record with no accidents during his thirty-eight year tenure. Before the State of Georgia required that bus "trainers" be certified, Mr. Tyler trained other School District drivers. He has a bachelor

degree in business management from Trinity College, an online institution.  In January 2012 and October 2012, he applied for two positions which would have been promotions from his present position of Zone Five Special Education Route driver.  The School District chose a black female employee and a white female employee for these positions.  Mr. Tyler believes that he was denied the promotions because he is a white male.

The School District contends that the application process focused solely on legitimate qualifications and the two persons who received the promotions were the best qualified for the positions regardless of their race or gender.  To evaluate candidates for promotion, the School District appoints a panel that interviews the candidates.  The panel then completes a written evaluation form which includes assigning points in various categories relating to the job duties for the position. Although the total number of points is a factor to be considered in the final recommendation, points alone are not dispositive of the panel's decision.  The panel makes a recommendation based on the totality of the circumstances to the Transportation Director, who affirms the recommendation or "kicks [it] back for further review."  Tessin Dep. 28:1-4, ECF No. 13.  If the Transportation Director affirms the panel's recommendation, the Director forwards the recommendation to the School District's Chief Operations Officer, the Human Resources Department, and

3

the Superintendent for review.  The recommendation is then made to the School Board for final approval.

## I. January 2012 Zone Relief/Driver Position

In January 2012, Mr. Tyler interviewed for a Zone Relief/Driver position, which would have been a promotion for him. Although five separate zone relief/driver positions were available, Mr. Tyler sought the single available position for the special needs zone.  Job duties for the position included covering routes, handling complaints from parents, counseling drivers, and assisting in evaluations.  The minimum requirements to apply for the position were a high school diploma or GED, eight years of regular driving experience, and a valid commercial driver's license.  Seniority with the School District was not a stated factor for the position.

The interview panel consisted of three white males, one black female, and one black male.  They asked only job-related questions during the interviews.  The panel unanimously recommended one white male, one white female, two black males, and one black female to fill the five open positions.  For the special needs zone position sought by Mr. Tyler, the panel recommended Debra Lewis, a white female.  Ms. Lewis met the minimum requirements, had been a driver for the School District since 2001, and was a certified driving trainer.  The School District ultimately approved these recommendations.

**II. October 2012 Transportation Specialist Position**

In October 2012, Mr. Tyler interviewed for a Transportation Specialist position. The job duties for this position included "ensur[ing] the overall coverage required to meet the transportation operation scheduling demands, and evaluating, resolving, and/or recommending solutions to incidents, complaints and/or accidents." Job Description for Transportation Specialist 1, ECF No. 16-1. The minimum qualifications for applying for this position were a valid driver's license, a high school diploma or GED, and job-related experience. A bachelor degree was preferred.

The interview panel for this position consisted of one white female and two black males. The panel unanimously recommended Donna Lamar, a black female, for the position. Ms. Lamar met the minimum requirements and was certified to train drivers. She had previously worked for the School District and was rehired in 2002. In January 2012, she was promoted to a zone relief driver position. She did not have a bachelor degree.

DISCUSSION

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] sex." 42 U.S.C. § 2000e-

2(a)(1).  Mr. Tyler claims that he was denied the promotions to zone relief/driver in January 2012 and transportation specialist in October 2012 because of his race and/or gender.  Since he has failed to point to any direct evidence of discrimination, the Court evaluates his claims under the familiar framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981).  *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767-68 (11th Cir. 2005) (per curiam).[2]

Mr. Tyler must first establish a prima facie case.  *Vessels*, 408 F.3d at 767.  If he does so, then the School District may articulate a legitimate non-discriminatory reason for its employment decisions.  *Id.*  If the School District meets that burden, Mr. Tyler must establish that the proffered reason was merely pretext for discrimination.  *Id.* at 768.  At the summary judgment stage, Mr. Tyler may carry that burden by demonstrating that a reasonable factfinder could conclude that the School District's stated reasons for its actions were pretextual.

---

[2] The Title VII and § 1981 race discrimination claims asserted by Mr. Tyler are "subject to the same standards of proof and employ the same analytical framework." *Bryant v. Jones*, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009).

**I.     January 2012 Promotion Decision**

    A.     <u>Prima Facie Case</u>

To establish a prima facie case, Mr. Tyler must show "(1) that [he] belongs to a protected class; (2) that [he] applied for and was qualified for a promotion; (3) that [he] was rejected despite [his] qualifications; and (4) that other equally or less-qualified employees outside [his] class were promoted."  *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010).  For purposes of summary judgment, the Court finds that Mr. Tyler has established a prima facie case.  The evidence construed in his favor demonstrates that he is male, that he met the minimum qualifications for the position, and that the person who was chosen over him for the specific position that he sought was a female.

    B.     <u>Legitimate, Non-Discriminatory Reason</u>

The School District states that it chose Ms. Lewis over Mr. Tyler because it determined that she was better qualified for the position based on its non-discriminatory hiring process.  She certainly met the minimum requirements, having a GED and the required driving experience.  And the panel scored her higher overall than Mr. Tyler.  Moreover, the interview panel considered her to be better qualified for supervising other employees.  Tessin Dep. 95:22-96:15 ("[Mr. Tyler]'s just not thought to be strong material to be supervising other human

7

beings."). The School District has carried its burden of articulating a legitimate non-discriminatory reason for not promoting Mr. Tyler, which shifts the burden to Mr. Tyler to show that the School District's stated reason is pretextual.

### C.   Pretext

To show pretext, Mr. Tyler may reveal "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the School District's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). However, "[i]n the context of a promotion, a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position . . . . A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by [gender]." *Id.* at 1349 (first alteration in original) (internal quotation marks omitted). To show pretext based on a disparity in qualifications, Mr. Tyler must demonstrate that the disparities between Ms. Lewis's qualifications and his own were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen" Ms. Lewis over Mr. Tyler. *Id.* (internal quotation marks omitted).

Mr. Tyler has not pointed to sufficient evidence from which a reasonable factfinder could conclude that the School District's stated reason for not promoting him was a pretext for gender discrimination. Both candidates met the minimum qualifications to interview for the position. In addition, Ms. Lewis was certified as a driver trainer; Mr. Tyler was not. Although Mr. Tyler had more seniority with the School District, the School District's decision not to consider seniority is not evidence of gender discrimination. It is clear that there is not sufficient disparity in the qualifications of Mr. Tyler and Ms. Lewis to justify any inference that the stated reason for the School District's decision was pretextual.

Mr. Tyler does point to an alleged statement by Frank Brown, the School District's Transportation Director, that he "encouraged black women and women in general to apply for management" positions at a meeting in December 2011. Tyler Dep. 45:23-25, ECF No. 11. But that is the only fact that makes him believe he was treated differently because of his gender. Tyler Dep. 47:3-7. And that is simply not enough to establish that the School District's stated reasons for hiring someone other than Mr. Tyler are false or that gender bias motivated its decision to select Ms. Lewis. The School District is entitled to summary judgment on Mr. Tyler's gender discrimination claim relating to the special needs zone relief/driver position.

9

**II.  October 2012 Promotion Decision**

  **A.  Prima Facie Case**

Mr. Tyler, a white male, met the minimum qualifications for the Transportation Specialist position.  Donna Lamar, a black female, was chosen for the position.  For purposes of summary judgment, the Court finds that Mr. Tyler has established a prima facie case of race and gender discrimination.

  **B.  Legitimate Non-Discriminatory Reason**

The School District claims that it chose Ms. Lamar because she was "the best qualified individual for the position."  Brown Dep. 45:16-17, ECF No. 12.  According to the School District, she was best qualified "in demonstration, her performance, her communication among the drivers, the operation, the parents, the exchange between the schools."  Brown Dep. 45:21-23.  The interview panel felt that "Donna Lamar's relations with others, how she connects with people, how she interacts with others was more fitting to what was needed for a transportation specialist.  That was the deciding factor, neutral of her gender, neutral of her race."  Tessin Dep. 104:7-15.  "[S]he keeps her calm more [than Mr. Tyler] in intense conflict kind of situations, [] she calms parents down better, [] she thinks through things more calmly in the last few years and that was the deciding factor."  Tessin Dep. 104:24-105:4.  These are legitimate non-discriminatory reasons for selecting Ms. Lamar over Mr. Tyler,

10

and thus the School District has satisfied its burden, shifting the burden back to Mr. Tyler to show pretext.

C.   Pretext

Mr. Tyler has failed to point to evidence from which a reasonable jury could conclude that the School District's stated reasons for selecting Ms. Lamar were false and that it instead was motivated by race or gender.  Mr. Tyler quarrels with the School District's decision because Ms. Lamar's direct supervisor, Frank Brown, was on the interview panel.  Even if Mr. Brown's relationship demonstrated personal bias, it does not support a finding of gender or race-based bias.  Moreover, such speculation about personal bias does not sufficiently cast doubt on the School District's stated legitimate reasons to support a finding that those reasons were pretext for unlawful discrimination.  Mr. Tyler also argues that Ms. Lamar's interpersonal skills were not better than his because Kathy Tessin, a member of the interview panel, said she felt Mr. Tyler had a better command of the English language.  She gave Ms. Lamar two points out of five when assessing communication skills.  Lamar Interview Form 21, 24, ECF No. 18-1.  She gave Mr. Tyler three points.  Tyler Interview Form 30, 33, ECF No. 20-1.  But the other interviewers each gave Ms. Lamar four points, and Mr. Tyler three.  And overall, the panel scored Ms.

11

Lamar higher than Mr. Tyler.  *Compare* Lamar Interview Forms 13-28, *with* Tyler Interview Forms 24-41.

Mr. Tyler also points to Ms. Lamar's alleged misrepresentations about traffic tickets on her earlier employment application.  But this evidence is not inconsistent with the School Board's conclusion that she was better qualified under the totality of the circumstances than Mr. Tyler for the particular job for which she was chosen.  Similarly, Mr. Tyler's reliance on previous evaluations of Ms. Lamar to show pretext is unpersuasive.  One evaluation did indicate that one supervisor concluded at the time that her attitude needed improvement and another indicated that her performance was unsatisfactory.  Lamar Dep. 15:9-14; 19:1-9, ECF No. 14.  And when Ms. Lamar previously left the School District, her separation form said "no-rehire."  Tessin Dep. 34:18-19.  But Ms. Tessin explained that the School District determined it did not agree with the opinion of the person who filled out the form.  Tessin Dep. 36:17-23.  Mr. Tyler essentially disagrees that Ms. Lamar was better qualified for the position.  But it is not appropriate for this Court to decide who it would have hired for this position.  The question is whether Mr. Tyler has pointed to sufficient disparities in his and Ms. Lamar's qualifications such that no reasonable factfinder could conclude that she was better qualified, thus leading to the conclusion that race

and/or gender, not legitimate qualifications, must have motivated the School District to select her for the position. Mr. Tyler has failed to carry this burden.

In summary, the record clearly establishes that the School District sought a candidate who could best resolve conflict and complaints, interact with others, and model good interpersonal skills. Tessin Dep. 76:16-77:3. It believed that person was Ms. Lamar, and Mr. Tyler has pointed to no evidence that the School District made up this reason as a pretext to disguise its alleged true motivation—gender and racial animus. The School District is entitled to summary judgment on Mr. Tyler's race and gender discrimination claims related to the Transportation Specialist position.

## CONCLUSION

The School District articulated legitimate non-discriminatory reasons for its decisions to select Ms. Lewis and Ms. Lamar instead of Mr. Tyler. Because Mr. Tyler did not show that those reasons were pretext for gender or race discrimination, Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

IT IS SO ORDERED, this 2nd day of July, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE